ALLEN v. THE STATE OF OHIO.

*Criminal law—Obtaining money by false pretenses—Charge to jury not prejudicial error—Use of expression "If he made these false pretenses"—Proof of obtaining title to money in possession as agent, sufficient.*

1. In prosecution for obtaining money by false pretenses, use of expression, "If he made these false pretenses," in instruction, though improper, *held* not reversible error.
2. Proof of obtaining, by false and fraudulent pretenses, title to money already in defendant's possession as agent, is sufficient to sustain conviction for obtaining money by false pretenses.

(Decided February 23, 1926.)

ERROR: Court of Appeals for Lucas county.

*Mr. Charles P. Carroll,* for plaintiff in error.
*Mr. Roy R. Stuart,* prosecuting attorney, and *Mr. John C. Cochrane,* for defendant in error.

RICHARDS, J.   The plaintiff in error was convicted of obtaining $400 in money by false pre-

tenses. It is urged in his behalf that no offense was charged in the indictment; that the trial judge erred in the admission of evidence and in the charge to the jury; and that the verdict and judgment are against the weight of the evidence.

After a careful examination of the indictment the court is convinced that it charges all the elements contained in the statute, and that it is drawn in substantial conformity with the approved forms of indictments used in cases of this character.

The verdict and judgment are not contrary to the weight of the evidence, and we find no error in the admission of evidence.

In the charge the trial judge, after reciting the alleged false pretenses set forth in the indictment, inadvertently used the expression, "If he made these false pretenses." Of course, it was for the jury to find from the evidence, under instructions of the court as to the law, whether the pretenses were false or not, and the expression was an unfortunate one to use; but, reading the whole charge together, it is perfectly clear that the trial judge left it to the jury to find all the facts and to determine whether the representations were false or otherwise, and therefore it is apparent that the jury could not have been misled by this expression.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

Williams and Young, JJ., concur.

On Application for Rehearing.

Richards, J. The judgment finding the plaintiff

in error guilty of obtaining money under false pretenses was affirmed on February 23, 1926. The money which he was convicted of obtaining under false pretenses was in his possession as agent of the owner. It is now urged that the trial court erred in charging the jury as follows:

"It is not a matter of concern as to whether she paid him the money out of her own pocket, or whether it was money which he had collected and held for her as her agent."

As the statute provides for punishing whoever "obtains" anything of value by false and fraudulent pretenses, it is insisted that the conviction could not be had for obtaining money of which the accused already had the possession, and, no doubt, as a general proposition, that is true; but the rule can have no application where the delivery of the money is not necessary in order to obtain dominion over it. If the defendant had possession of the money as agent, and obtained the title to it by false and fraudulent pretenses, that would be a sufficient obtaining of the property within the meaning of the statute. The principle was directly decided in *Commonwealth* v. *Schwartz,* 92 Ky., 510, 18 S. W., 775, 36 Am. St. Rep., 609. I quote the third proposition of the syllabus:

"Where one who is in possession of money belonging to another obtains the title by false pretenses, he is guilty of the statutory offense of obtaining money by false pretenses. In such a case it is not necessary to constitute the offense that the possession should have been obtained by false pretenses."

In that case a banker had the money in his pos-

session, which he had collected for the owner, and he thereafter obtained the title to it by false and fraudulent pretenses. He was held to be rightly convicted; the court deciding that the general rule requiring that both the property and the title should be obtained by false pretenses only applies where it takes delivery of the possession to complete the transfer of the title. See, also, *People* v. *Cooke,* 6 Parker, Cr. R. (N. Y.), 31. The rule is clearly stated in 11 Ruling Case Law, 842, and also in 25 Corpus Juris, 604.

*Rehearing denied.*

WILLIAMS and YOUNG, JJ., concur.